NELSON G. PRINCE *vs.* DANIEL R. STOCKDELL.[1]

Franklin.   March 6, 1986. — July 3, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Water. Injunction. Real Property,* Easement, Water.

Where a plaintiff had obtained a judgment (a) declaring that he had acquired a prescriptive right to the use of a spring located on the defendant's land and (b) enjoining the defendant from interfering with a cistern and water line which accumulated water from the spring and carried it to the plaintiff's house, the plaintiff was not entitled to have the injunction extended to protect the portion of the defendant's land containing the aquifer, in the absence of any showing that the defendant had threatened to do anything prohibited by the judgment as entered, or that he was likely to disturb the aquifer unless the plaintiff were granted broader injunctive relief. [843-845]

The court stated that, in a future case, it might be inclined to reexamine the doctrine that gives the owner of the overlying land absolute control over subsurface water. [845]

CIVIL ACTION commenced in the Superior Court Department on April 30, 1984.

The case was tried before *John F. Murphy, Jr., J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Charles V. Olchowski* for the plaintiff.

*Brian F. McKenna* for the defendant.

*J. Cleve Livingston, Laurie E. Kermish & Mary Ann Nelson,* for Conservation Law Foundation of New England, Inc., amicus curiae, submitted a brief.

NOLAN, J. From a judgment on the plaintiff's "application for permanent injunction and determination of water rights,"

[1] We acknowledge the assistance rendered to the court by the brief of amicus curiae, Conservation Law Foundation of New England, Inc.

the plaintiff appeals because the judgment falls short of achieving· his ends.[2] We affirm the judgment.

The plaintiff owns property directly opposite the property of the defendant in Leverett, a town in Franklin County. The plaintiff has owned the property since 1960 and in the deed which conveyed title to him there appears the following language: "conveying also all my right, title and interest in and to the spring on the opposite side of the road, which for many years has and does now supply water" to the plaintiff's property. In various deeds in the plaintiff's chain of title there appears similar language referring to water rights in the spring across the road. Admittedly, the manner in which water rights may have arisen cannot be gleaned from the chain of title to either the plaintiff's or the defendant's property. No mention is made of the water rights in the deed to the defendant. However, prior owners of the land now held by the plaintiff have been using the water from the spring at least since 1939. The plaintiff draws water required for his household from this spring. The spring on the defendant's property feeds a cistern. Water from the cistern travels downhill approximately seventy-five feet through a water line which carries the water across the road to the plaintiff's house.

The judge ruled that the plaintiff had acquired a right by prescription, founded on the open and notorious use of the spring which was adverse to the interests of the defendant and his predecessors in title and possession for a period of at least twenty years (paragraph [1] of the judgment). As a result of this ruling, judgment was entered declaring a prescriptive easement and "restraining [defendant] from disturbing or interfering with the cistern and water line which accumulate and carry water for the plaintiff's house and from disturbing or interfering with the land on which the cistern and water line rest" (paragraph [2] of the judgment). The plaintiff was not satisfied with the breadth of paragraph (2) of this judgment and sought an

---

[2] Subsequent to the judge's order granting the permanent injunction, the plaintiff filed a Motion to Alter or Amend Judgment, seeking to expand the area covered by the injunction. The judge denied the motion. From this denial the plaintiff also appeals.

amendment which was denied. The plaintiff sought to extend the injunction to that portion of the defendant's land which constitutes the aquifer (as well as to the cistern and water line).

An aquifer is a subsurface zone that holds water. It consists largely of sand and gravel, underlain by impermeable granite bedrock. The aquifer is confined generally to a maximum depth of about thirteen feet of this sand and gravel. There is a suggestion in the record that the aquifer occupies an acre of the defendant's land and this represents approximately one quarter of the defendant's property.

There has been no showing that the defendant has threatened to do anything prohibited by the injunction or is likely to disturb or interfere with the aquifer in the absence of an injunction against such conduct. Accordingly, the judgment gives the plaintiff all the relief to which he is entitled.

Despite the urging of the plaintiff and the amicus to announce the passing of the doctrine of absolute ownership of subsurface water as taught by *Davis* v. *Spaulding,* 157 Mass. 431 (1892), in favor of a reasonable use test (see, e.g, Restatement [Second] of Torts § 858 [1979]), we believe that we need not reach this question. In another case, we might be inclined to reexamine the doctrine which gives the owner of the overlying land absolute control over subsurface water on such land.

*Judgment affirmed.*